907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Keith ARTHUR, Defendant-Appellant.
 No. 89-5401.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 23, 1990.
Decided June 4, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. N. Carlton Tilley, Jr., District Judge. (C/A No. 88-178-WS)
 Danny Thomas Ferguson, Peebles, Schramm & Ferguson, Winston-Salem, N.C., for appellant.
 Robert H. Edmonds, Jr., United States Attorney; Lisa Blue Boggs, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellant, Terry Keith Arthur, was detained on a routine traffic stop in Benton Township, Michigan, after the vehicle he was driving made a turn without prior indication and was observed to proceed in an erratic manner. During the course of this stop, the officer noticed open containers of beer. Further, while examining the driver's license produced by the appellant (a license that proved to be fictitious), the officer overheard police radio communications coming from within the appellant's car. The use of a police scanner in a motor vehicle is illegal in Michigan. At that time, the appellant was arrested, and a search of his car was conducted. This search produced at least two open beer bottles, a loaded hand gun, marijuana, and an operational police scanner. Further, an investigatory search of the trunk uncovered a loaded rifle, wigs, and tools.
 
 
 2
 While in custody, the appellant was interrogated by the arresting officer. The appellant refused to respond and indicated he wanted a lawyer, a request he later repeated. Thereafter, on November 9, 1988, the appellant was interviewed by an FBI agent who was not involved in the arrest of the appellant. The appellant was known by the FBI as an escapee from Florida and a suspect in two bank robberies, one in Tennessee and one in North Carolina. At no time during the interview did the FBI agent interrogate the appellant about these bank robberies. Interviews were again conducted by the FBI, while the appellant was incarcerated, on December 1 and December 6. During these interviews, the appellant sought information about the possible length of a jail term for bank robbery and the effect cooperation with the investigation might have on that sentence.
 
 
 3
 On December 6, after he had been read his Miranda* rights, and after his court-appointed attorney had been notified that an interrogation about bank robberies was to take place, the appellant made a statement admitting to the armed robbery of a federally-insured bank in Winston-Salem, North Carolina. This statement was given to an FBI agent, who was present at the request of the appellant's sister. She had previously called the FBI and indicated that her brother wished to make a confession. In his statement, the appellant identified himself as the man depicted in a bank surveillance photograph and indicated that he had taken between $3,500 and $3,600. Accordingly, the appellant was indicted, tried, and convicted on three counts; bank robbery (18 U.S.C. Sec. 2113(a)); armed bank robbery (18 U.S.C. Sec. 2113(d)); and using a firearm during the commission of a felony (18 U.S.C. Sec. 924(c)). The appellant was then sentenced under the Federal Sentencing Guidelines to a term of 64 months' imprisonment on counts one and two, and a term of five years' imprisonment on count three, the sentences to run consecutively. The appellant was further ordered to serve a five-year period of supervised release, to pay a $100 special assessment and to make restitution in the amount of $1,780 payable to the bank he robbed. This appeal followed. We affirm.
 
 
 4
 The appellant here argues that the district court committed reversible error when it denied his motion to suppress his confession on grounds that it was obtained illegally and in violation of his constitutional rights. The appellant asserts two separate constitutional violations that led to his confession. First, appellant argues that his arrest was illegal, and, second, that he was interrogated by state and federal officials after he had requested an attorney but before that attorney was present. We find no merit to either argument
 
 
 5
 As a preliminary matter, we note that prior to trial, the district court held an extensive suppression hearing in which it found, based on the credibility of the witnesses presented, that (1) the appellant was stopped for an observed traffic violation; (2) observation of open beer containers resulted in reasonable suspicion that a crime had been committed; and (3) observation of a hand gun in the passenger compartment of the car justified any search, on the spot, to protect the officers. The court further noted that a further search of the trunk was consensual. Such findings, made by the trial court which had the advantage of observing the witnesses and their demeanor, should not be lightly disturbed. See United States v. Grant, 549 F.2d 942, 947 (4th Cir.1977). We are of the opinion that the arresting officer had articulable, particularized and objective bases for stopping the appellant's vehicle, searching it, and ultimately arresting him. No violation of the appellant's constitutional rights is to be found in the officer's activity.
 
 
 6
 We now turn to the question of the legality of the appellant's confession. The facts pertinent to our inquiry are undisputed. After his arrest, the appellant was advised of his rights; rights with which he was familiar for, by his own admission, the appellant had previously been arrested on several occasions. Nevertheless, the appellant, through his sister, asked to meet with an FBI agent for the sole purpose of giving an inculpatory statement. The record is devoid of evidence of coercion or undue influence on the part of the investigatory agent. We find that the statement was voluntarily given, see United States v. Dodie, 630 F.2d 232 (4th Cir.1980), and the appellant's conviction is based on uncontroverted, admissible evidence. Accordingly, the judgment of conviction is hereby affirmed. We dispense with oral argument, as the facts and legal contentions are adequately set forth in the record before us, and further argument would not aid in the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 So named for the holding in Miranda v. Arizona, 384 U.S. 436 (1966)